## LUMBERMEN'S MUT. CASUALTY CO. v. CONSUMERS LIGNITE CO.

### No. 11881.

Court of Civil Appeals of Texas. Dallas.

Feb. 8, 1936.

Rehearing Denied March 14, 1936.

McCormick, Bromberg, Leftwich & Carrington, of Dallas, for appellant.

Wm. H. Flippen and Wm. M. Cramer, both of Dallas, for appellee.

JONES, Chief Justice.

This is a mandamus suit filed in a district court of Dallas county by appellee, Consumers Lignite Company, a mining corporation, against appellant, Lumbermen's Mutual Casualty Company, a foreign corporation legally doing business in this state, with authority to write compensation insurance under the Workmen's Compensation Act (Vernon's Ann.Civ.St. art. 8306 et seq.). The relief sought in the mandamus suit was to compel appellant, by writ of mandamus, to write an insurance policy covering appellee's employes under the Workmen's Compensation Act. This suit was tried to the court without the intervention of a jury, and judgment entered May 21, 1934, directing appellant to accept appellee's "application to become a subscriber and to issue to the plaintiff (appellee) a policy of compensation insurance covering the employees of the plaintiff in accordance with the terms and provisions of the Workmen's Compensation Act of the State of Texas, upon the plaintiff paying to defendant (appellant) the premium required for such policy under the law and rules and regulations of the Insurance Commission of Texas."

Appellant duly prosecuted an appeal from this judgment, and, by order of the trial court, the judgment is superseded, pending final judgment on appeal.

It is agreed between the parties that, after this appeal was perfected, appellee leased its business to another concern, and since such times appellee has not operated its lignite mines, does not employ any labor, and cannot qualify as an employer under the Workmen's Compensation Act. At the time of the trial, appellee was operating its lignite mines and could qualify as an "employer" under the Workmen's Compensation Act; that this condition existed some time after the appeal was perfected, but had ceased to exist for some time previous to the submission of this cause. This fact was made known to this court when appellant filed a motion to have this court declare the question on appeal moot and to reverse the judgment, with instruction to the trial court to dismiss the suit.

Against the granting of such motion, appellee contends that the mandamus relief, if granted, would relate back to the time of the application, and that, as there had been considerable time elapsed from time such application was made until appellee leased its mines and ceased to operate same, the question is not moot, and the appeal should be considered on its merits.

Under the agreed facts filed in this case, we feel impelled to adopt appellant's theory that the question involved in this suit has become moot. Paragraph 16 of the agreed stipulation of facts reads: "It is further agreed that at all times mentioned or involved in this suit, that plaintiff has had and now has a policy of workmen's compensation insurance with Texas Employers Insurance Association similar to that demanded of defendant herein, which Consumers Lignite Company desires to cancel and which Texas Employers Insurance Association desires to cancel but which the plaintiff refuses to cancel until such time as the plaintiff may be otherwise

fully covered by such insurance in defendant company or some other concern."

The effect of this stipulation is to show that appellee had the very character of compensation insurance that it was seeking through its petition for mandamus to compel appellant to issue in appellee's favor. Consequently, under such facts, if the judgment awarding appellee the writ of mandamus, sought in its petition, be affirmed, such writ of mandamus could only take effect at, or after, the time appellee canceled its policy with the Texas Employers Insurance Association. The rights of appellee's employees had attached to the insurance policy issued by the Texas Employers Insurance Company, and had not attached to any prospective or future policy that might be issued to appellee by appellant. So, if this court should hold that appellee is entitled to the writ of mandamus, awarded it by the trial court, there would be nothing upon which said writ could operate, for the reason that appellee is out of the mining business as an employer of labor, and since its lease took effect has not been an employer of labor in said mines.

We therefore conclude that the question in suit has become moot, through the voluntary act of appellee, and that the judgment of the lower court should be reversed and the suit dismissed, and it is so ordered.

Judgment reversed and suit dismissed.